IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE L. WISHNEFSKY, : | |
|     Petitioner, : | |
| : | No. 4: CV-03-0417 |
| : | |
| v. : | (McClure, J.) |
| : | |
| R.W. MEYERS, : | |
|     Respondent. : | |

**O R D E R**

August 18, 2005

**BACKGROUND:**

On June 22, 2005, this court dismissed *pro se* petitioner Bruce L. Wishnefsky's petition for writ of habeas corpus filed under 28 U.S.C. § 2254. On July 5, 2005, Wishnefsky timely filed a motion for reconsideration along with a supporting brief. Defendants failed to file a brief in opposition, and therefore the motion may be deemed unopposed. See M.D. Pa. R. 7.6. Yet, despite the lack of opposition, we must still conduct a merits analysis of Wishnefsky's motion. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991); Anchorage Assoc. v. Virgin Islands Board of Tax Review, 922 F.2d 168, 174 (3d Cir. 1990). For the following reasons, we will grant Wishnefsky's motion in part and deny it in part.

-1-

**DISCUSSION:**

A party may seek to correct a manifest error of law or fact, or to present newly discovered evidence, through a motion for reconsideration brought under Federal Rule of Civil Procedure 59(e).  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Under Rule 59(e), a judgment may be altered or amended if the moving party demonstrates "'at least one'" of three possible grounds: "'(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'"  Ogden v. Keystone Residences, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (quoting Max's Seafood Café, 176 F.3d at 677).  Wishnefsky's motion appears to fall within the third category, inasmuch as he argues that the court erred in: (a) ruling that Claim P was procedurally defaulted; (b) ruling that Claim CC was procedurally defaulted; and (c) failing to hold an evidentiary hearing.

Wishnefsky is correct that the court inadvertently found Claim P and Claim CC procedurally defaulted.  Nonetheless, both claims are without merit.  In Claim P, Wishnefsky argues that the state trial court denied Wishnefsky fundamental fairness in violation of the Due Process Clause of the Fourteenth Amendment by refusing to instruct the jury that it could consider the evidence of Wishnefsky's acts

-2-

in other states only for the limited purpose of showing course of conduct, and not for any other purpose. The state trial court found such an instruction was unwarranted and that the evidence of Wishnefsky's out-of-state conduct was otherwise admissible. In the alternative, the trial court ruled that any error in failing to so instruct the jury was harmless. The Superior Court affirmed.

Jury instructions in state trials are not normally reviewable on federal habeas review unless a given instruction's inclusion or exclusion is so prejudicial that it offends notions of fundamental fairness protected by the Due Process Clause. See Hallowell v. Keve, 555 F.2d 103, 106 (3d Cir. 1977); see also Cupp v. Naughten, 414 U.S. 141, 146 (1973). Upon review, the exclusion of Wishnefsky's requested instruction did not rob him of a fundamentally fair proceeding. The state trial court's decision, as adopted by the Superior Court, did not involve an unreasonable application of federal law, nor was it a decision contrary to established federal law.

Wishnefsky argues in Claim CC that his sentence of 45 to 90 years of imprisonment violates the Eighth Amendment's proscription against cruel and unusual punishment insofar as other individuals implicated in this case, and individuals in other cases, received lesser sentences for similar crimes. The Eighth Amendment does not require strict proportionality between a crime and sentence.

Harmelin v. Michigan, 501 U.S. 957, 965, 1001 (1991) (plurality).  Rather, the Eighth Amendment only proscribes sentences grossly disproportionate to the crime.  Harmelin, 501 U.S. at 1001; see also Commonwealth v. Hallock, 603 A.2d 612, 617 (Pa. Super. Ct. 1992).

None of the reasons Wishnefsky proffers in support of this claim are persuasive.  His argument concerning his use of non-physical force, and his argument that he should have been charged under the prostitution statutes have already been discounted in our prior memorandum and more thoroughly by the state courts.  His sentence was also within the state guidelines range.  His speculative assertion that he would have received a lesser sentence if he had murdered his victims is unavailing, as is his statistical comparison of his sentence to the average sentences of other state inmates.  Cf. Thomas v. Greiner, 111 F.Supp.2d 271, 279 (S.D.N.Y. 2000).  Finally, the different sentences others received for their related involvement in the underlying incidents of this case are of no moment.  The exact circumstances of Wishnefsky and these other individuals varied, at least in terms of their respective participation and cooperation with the government.  Thus, this is not the rare case that "leads to an inference of gross disproportionality."  Harmelin, 501 U.S. at 1005.

Therefore, the court need not conduct comparative intrajurisdictional and

interjurisdictional analyses between Wishnefsky's sentence and other similar sentences. Id. Additionally, to the extent the Superior Court decided this claim on the merits, (see Pa. Sup. Ct. Op. of Dec. 31, 1999, rec. doc. no. 8, at 14), that decision did not involve an unreasonable application of federal law, nor did it involved a conclusion contrary thereto.

Last, Wishnefsky claims he is entitled to an evidentiary hearing to develop some or all of his federal habeas claims. We implicitly found no reason to hold an evidentiary hearing in our last memorandum, and we expressly state so now. We see no basis for a hearing under 28 U.S.C. § 2254(e). See Campbell v. Vaughn, 209 F.3d 280, 287-87 (3d Cir. 2000). Similarly, no reason exists for an evidentiary hearing under the pre-AEDPA standard applicable to some of Wishnefsky's claims. See Townsend v. Sain, 372 U.S. 293, 312-13 (1963), overruled in part, Keeney v. Tamayo-Keyes, 501 U.S. 1, 5, 10 (1992).

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.   Wishnefsky's motion for reconsideration (Rec. Doc. No. 49), is granted in part and denied in part.

2.   Wishnefsky's motion is granted only to the extent the court now rules that Claim P and Claim CC are not procedurally defaulted. Those claims are

otherwise without merit and relief on them is denied.

    3.    No basis exists for an evidentiary hearing.

    4.    The order of June 22, 2005 dismissing Wishnefsky's petition for a writ of habeas corpus is reaffirmed, with the reasons for the dismissal modified as set forth in paragraph 2.

    5.    There continues to be no basis for the issuance of a certificate of appealability.

                                                                       s/ James F. McClure, Jr.

                                                                      James F. McClure, Jr.
                                                                      United States District Judge